UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ENTEGRA BANK                                                              PLAINTIFF

v.                              No. 2:18-CV-02071

WALD WOOD PRODUCTS, INC.;
THOMAS C. WALD;
KAREN R. WALD;
SIMMONS BANK; and
FUNDING METRICS, LLC                                                    DEFENDANTS

## **ORDER**

Before the Court is Plaintiff Entegra Bank's ("Entegra") renewed motion (Doc. 37) for default judgment against Separate Defendants Wald Wood Products, Inc. ("Wald Wood") and Funding Metrics, LLC ("Funding") and brief (Doc. 38) in support. Entegra also filed a motion (Doc. 47) for default judgment against Separate Defendants Thomas Wald and Karen Wald (collectively "the Walds") and brief (Doc. 48) in support. The Court finds and orders as follows:

1. On April 11, 2018, Entegra filed this action for breach of contract, replevin, and foreclosure to enforce its rights under a loan agreement with Wald Wood. All Defendants except Simmons Bank failed to answer or otherwise respond to the complaint despite being properly served and failed to appear at all in this matter. On August 16, 2018, the Clerk of Court entered an order of default against Wald Wood and Funding. On November 26, 2018, the Clerk of Court entered an order of default against the Walds. Because of the entry of default, Defendants are deemed to have admitted the factual allegations in the complaint as true. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *Murray v. Lene*, 595 F.3d 868, 871 (8th

Cir. 2010) ("Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true.").

2. On October 26, 2018, Entegra filed a renewed motion for default judgment against Wald Wood and Funding supported by the affidavit of Anderson Ernst, Vice President of Entegra Bank. On December 20, 2018, Entegra filed a motion for default judgment against the Walds which was also supported by an affidavit of Ernst. The motions for default judgment (Docs. 37 & 47) will be GRANTED.

3. On October 28, 2015, Entegra entered into a loan agreement with Wald Wood. (Doc. 1-1). Entegra agreed to extend Wald Wood a loan of $1,369,00.00. For valuable consideration and to obtain the loan, Wald Wood executed a promissory note in the principal amount of $1,369,00.00 payable to Entegra Bank. (Doc. 1-2). The note required monthly payments in the amount of $9,811.79. (Doc. 1-2, p. 2).

4. The Walds, as president and secretary of Wald Wood, executed the note on behalf of Wald Wood. The Walds also executed individual guarantees on the note. Under the guarantees, the Walds guaranteed payment to Entegra of all amounts owed under the note. (Doc. 1-3). The terms of the loan agreement and note provide for default if the Walds or Wald Wood failed to make the required monthly payments. (Doc. 1-1, p. 6; Doc. 1-2, p. 3). In the event of default, Entegra has the right to declare the entire unpaid balance of the note immediately due and payable.

5. To secure payment of the note, Wald Wood and the Walds granted Entegra a first priority mortgage interest on the following six tracts of real property:

Tract 1:

Part of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of Section 10, Township 9 North Range 32 West, Crawford County, Arkansas, Being more Particularly Described as follows: Commencing at an Existing Rebar marking the Northeast Corner of Said Northeast Quarter (NE ¼) of the Southeast (SE ¼) , Said

point also marking the Northeast Corner of a previous 1.79 Acre Survey by RLS # 147, Job #21,107, Dated 2-13-1997; Thence N86°29"27"W, Along the North Line of said previous survey, 225.00' to a set mag nail at the Northwest corner of said previous survey also being the Point of Beginning; Thence S03°34'44"W for a distance of 78.74' to a set half inch rebar and cap stamped 1558 in the center of Foster Branch Creek; Thence continuing along said creek S47°48'53"W for a distance 257.49' to a set half inch rebar and cap stamped 1558; Thence leaving said creek N32°48'43"W for 135.93' to a set half inch rebar and cap; Thence N01°21'51"E for a distance of 153.59' to a set half inch rebar and cap set on the North side of Pevehouse Road, said point being in the North line of said Southeast Quarter (SE ¼); Thence S86°29'27"E for a distance of 266.21' to the Point of Beginning, Containing 1.10 acres more or less, subject to any road right-of-ways or easements of record.

Property Address: 2539 E. Pevehouse Road, Van Buren, AR 72956.

Tract 2:

Part of the Northeast Quarter (NE ¼) of the Southeast Quarter (SE ¼) of Section 10, Township 9 North Range 32 West, Crawford County, Arkansas, Being more Particularly Described as follows: Commencing at an Existing Rebar marking the Northeast Corner of Said Northeast Quarter (NE ¼) of the Southeast (SE¼), Said point also marking the Northeast Corner of a previous 1.79 Acre Survey by RLS # 147, Job #21, 107, Dated 2-13-1997; Thence N86°29"27"W, Along the North Line of said previous survey, 491.21' to a set half inch rebar and cap on the North side of Pevehouse Road; Thence S01°21'51"W for a distance of 153.59' to a set half inch rebar and cap; Thence S32°48'43"E for a distance of 135.93' to a set rebar and cap in Foster Branch Creek; Thence along said creek S47°48'53"W for a distance of 20.00' to a set half inch rebar and cap stamped 1558; Thence continuing along said creek S12°22'16"N for a distance of 84.21' to a set half inch rebar and cap stamped 1558; Thence continuing along said creek S09°27'32"E for a distance of 156.20' to a set half inch rebar and cap stamped 1558; Thence continuing along said creek S32°39'48"W for a distance of 81.62' to a set half inch rebar and cap stamped 1558; Thence leaving said creek N85°11'43"W for a distance of 149.38' to a set half inch rebar and cap stamped 1558; Thence S22°43'2"W for a distance of 45.31' to a set half inch rebar and cap stamped 1558; Thence crossing said creek S02°52'56"W for a distance of 124.58' to a set half inch rebar and cap stamped 1558; Thence N62°53'35"W for a distance of 129.29' to a set half inch rebar and cap stamped 1558 in the center of said creek; Thence leaving said Foster Branch Creek N03°37'31"E for a distance of 696.24' to a set mag nail on the north side of Pevehouse Road, said point being on the North line of said Southeast Quarter (SE ¼); Thence S86°29'27"E for a distance of 225.35' to the Point of Beginning, containing 4.07 acres more or less subject to any road right-of-ways or easements of record.

Property Address: 2601 E. Pevehouse Road, Van Buren, AR 72956.

Tract 3:

Beginning at the Northwest corner of the Southwest Quarter of the Northeast Quarter, thence South 2 degrees 0 minutes 00 seconds East 43.43 feet to the South right of way of Arkansas Highway #22, thence North 87 degrees 33 minutes 00 seconds East along said right of way 433.40 feet to the place of beginning, thence along an existing fence line South 2 degrees 09 minutes 50 seconds East 600 feet more or less, to point which is 642 feet South of the North line of the Southwest Quarter of the Northeast Quarter and also the Northwest corner of a tract of land conveyed to John L. Koch and Rose C. Koch by a deed recorded in Deed Book 66, page 78, thence in an Easterly direction along this boundary line 394.60 feet more or less, to the Southwest corner of a tract of land conveyed to John L. Koch and Rose C. Koch by deed recorded in Deed Book 72 page 142, thence in a Northerly direction along this boundary line for a distance of 600 feet more or less, to the South right of way line of State Highway #22, thence in a Westerly direction along the South right of way line 394.60 feet more or less, to the place of beginning, being a part of the Southwest Quarter of the Northeast Quarter of Section 12, Township 7 North, Range 26 West, containing 5.44 acres more or less. Subject to 1/2 of the mineral rights reserved in a Warranty Deed from Arkansas Valley Industries, Inc. to Garland L. Williams and Leona Mae Williams, dated January 29, 1965, and recorded in Deed Book 66, page 220 in the office of the Recorder for the Northern District of Logan County, Arkansas.

LESS AND EXCEPT: Two acres of even width located across the north boundary of the property described below, located in Logan County, Arkansas.

Property Address: 2204 E. Walnut Street, Paris, AR 72855.

Tract 4:

Two acres of even width located across the North boundary of the property described below, located in Logan County, Arkansas: Beginning at the Northwest corner of the Southwest Quarter of the Northeast Quarter, thence South 2 degrees 0 minutes 00 seconds East 43.43 feet to the South right of way of Arkansas Highway #22, thence North 87 degrees 33 minutes 00 seconds East along said right of way 433.40 feet to the place of beginning, thence along an existing fence line South 2 degrees 09 minutes 50 seconds East 600 feet more or less, to a point which is 642 feet South of the North line of the Southwest Quarter of the Northeast Quarter and also the Northwest corner of a tract of land conveyed to John L. Koch and Rose C. Koch by a deed recorded in Deed Book 66, page 78, thence in an Easterly direction along this boundary line 394.60 feet more or less, to the Southwest corner of a tract of land conveyed to John L. Koch and Rose C. Koch by Deed recorded in Deed Book 72, page 142, thence in a Northerly direction along this boundary line for a distance of 600 feet more or less, to the South right of way line of State Highway #22, thence in a Westerly direction along the South right of way line

394.60 feet more or less, to the place of beginning, being a part of the Southwest Quarter of the Northeast Quarter of Section 12, Township 7 North, Range 26 West, containing 5.44 acres, more or less. Subject to 1/2 of the mineral rights reserved in a Warranty Deed from Arkansas Valley Industries, Inc. to Garland L. Williams and Leona Mae Williams, dated January 29, 1965, and recorded in Deed Book 66, page 220 in the office of the Recorder for the Northern District of Logan County, Arkansas.

Property Address: 2204 E. Walnut Street, Paris, AR 72855.

Tract 5:

All of Lots 1 and 2, Block 5, in Oak Grove Addition to the Town of Paris, Arkansas.

Property Address: Vacant Land on or near Highway 22, Paris, AR.

Tract 6:

A tract of land located in part of the Southwest Quarter of the Northeast Quarter of Section 28, Township 8 North, Range 23 West in Logan County, Arkansas being more particularly described as follows: Commencing at a found 1/2 inch rebar at the Northwest corner of the Northwest Quarter of the Northeast Quarter of said Section 28; thence South 01 degree 22 minutes 51 seconds West 2603.42 feet along the West line thereof; thence South 86 degrees 05 minutes 37 seconds East 860.13 feet to a set 1/2 inch rebar; thence North 13 degrees 59 minutes 24 seconds West 255.92 feet to a set 1/2 inch rebar the point of beginning; thence North 04 degrees 02 minutes 50 seconds East 320.90 feet to a set 1/2 inch rebar on the South line of Arkansas Valley Surveying Job No. 1540; thence South 34 degrees 38 minutes 34 seconds East 160.61 feet along said South line to a found 1/2 inch rebar; thence South 34 degrees 38 minutes 36 seconds East 170.26 feet along said South line to a found 1/2 inch rebar; thence South 22 degrees 56 minutes 19 seconds East 29.06 feet along said South line to a found 1/2 inch rebar; thence South 22 degrees 56 minutes 52 seconds East 101.04 feet along said South line to a set 1/2 rebar; thence North 74 degrees 37 minutes 12 seconds West 271.17 feet to the point of beginning and being subject to all easements of record and as shown on Arkansas River Valley Surveying Job No. 4702. as Tract D.

Property Address: 1985 Thompson Bay Loop, Scranton, AR 72863.

6. To perfect the security interests granted to Entegra by the mortgage, Entegra filed a mortgage of record in the real property records of both Crawford County, Arkansas and Logan County, Arkansas. (Doc. 1-4).

7. Under the terms of the mortgage, Wald Wood and the Walds expressly waived the statutory or common law right of redemption, homestead, dower, martial share, and all other exemptions and other rights which might impact Entegra's rights to sell the real properties for collection of the indebtedness.

8. Wald Wood also granted Entegra a security interest in certain personal property, specifically all its furniture, fixtures, and equipment, including all proceeds, products, or replacements (collectively "the personal property"). (Doc. 1-5).

9. Entegra properly perfected its security interest in the personal property by filing UCC-1 Financing Statement No. 40000117485565 with the Office of the Arkansas Secretary of State. (Doc. 1-6).

10. Separate Defendant Simmons Bank has a secured interest in some of the personal property by virtue of a UCC-1 Financing Statement No. 40000155980062 filed with the Office of the Arkansas Secretary of State on September 26, 2017. However, Entegra's secured interest in the property is superior to Simmons Bank's interest. (Doc. 53, ¶ 26).

11. Separate Defendant Funding also claims an interest in some of the personal property by virtue of a UCC-1 Financing Statement No. 40000163580734 filed with the Office of the Arkansas Secretary of State on February 27, 2018. However, Entegra's secured interest in the property is superior to Funding's interest. (Doc. 24).

12. Though not a party to this action, Bank of the West holds a purchase money security interest in certain equipment owned by Wald Wood by virtue a UCC-1 Financing Statement No. 40000134773130 filed with the Office of the Arkansas Secretary of State on September 1, 2016. (Doc. 54).

13. Wald Wood and the Walds are now in default under the terms of the loan and note, having failed to make the required monthly payments under the parties' agreement.

14. By letter dated December 14, 2017, Entegra notified Wald Wood and the Walds of the event of default and declared the entire outstanding balance accelerated and immediately due and payable. Entegra demanded immediate payment of $1,321,307.12. (Doc. 1-7).

15. On April 11, 2018, Entegra commenced this action to enforce its rights under the loan agreement and note, naming Wald Wood, the Walds, Simmons Bank, and Funding as defendants.

16. Simmons Bank and Funding are named Defendants because both parties hold an interest in some or all of the personal property secured under the parties' agreement. Simmons Bank filed an answer (Doc. 11) on May 21, 2018 but no other party filed a responsive pleading. Simmons later filed an amended answer (Doc. 53) conceding that its security interest is inferior to Entegra's security interest.

17. Because no other party filed a responsive pleading, on August 2, 2018, Entegra initiated default procedures under Federal Rule of Civil Procedure 55 against Wald Wood and Funding. The Clerk entered default against both defendants and Entegra filed a motion for default judgment against both defendants supported by the affidavit of Anderson Ernst. (Doc. 30). Funding entered a stipulation with Entegra acknowledging that the Funding's interest in the collateral is inferior to that of Entegra's interest. (Doc. 24).

18. On May 18, 2018, Thomas and Karen Wald filed chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Arkansas, Case No. 2:18-bk-71259. Concerned some or all the collateral may have been necessary to an effective chapter 13 reorganization or was subject to the automatic stay of 11 U.S.C. §362, the Court denied Entegra's

motion for default judgment without prejudice to its refiling and administratively stayed the action pending the outcome of the Wald's bankruptcy proceeding. (Doc. 32).

19. On October 9, 2018, the United States Bankruptcy Court entered a Consent Order in the bankruptcy case modifying the automatic stay of 11 U.S.C. §362 as follows:

a. The automatic stay of 11 U.S.C. § 362 is not applicable to Entegra Bank's claims against Wald Wood Products, Inc. and the assets of Wald Wood Products, Inc. including the Wald Wood Products Collateral which are the subject of the Federal Action;

b. To the extent the automatic stay of 11 U.S.C. § 362 is applicable to the claims of Entegra Bank in the Federal Action against Wald Wood Products, Inc. and the assets of Wald Wood Products, Inc., Entegra Bank is hereby granted relief from the stay and the stay is modified so that Entegra Bank may pursue its remedies against Wald Wood Products, Inc. and the assets of Wald Wood Products, Inc., including the Wald Wood Products Collateral;

c. Entegra Bank is granted relief from stay as to the Wald Collateral owned by the Debtors, Tom and Karen Wald and Entegra Bank may continue to pursue its claims against the Wald Collateral in the Federal Action;

d. Any interest of the Debtors or Trustee in the Wald Wood Products Collateral and the Wald Collateral is hereby abandoned pursuant to 11 U.S.C. §554; and

e. To the extent that the Debtors may become entitled to the proceeds from the liquidation of the collateral described above or the collateral referenced in the underlying Federal Action, the proceeds will be remitted to the applicable bankruptcy trustee for the benefit of the Debtors' bankruptcy.

*In re Tom and Karen Wald*, Case No. 2:18-bk-71259 (Bankr. W.D. Ark. Oct. 9, 2018).

20. On October 18, 2018, Entegra filed a notice in this Court representing that the Bankruptcy Court entered an order granting relief from the automatic stay and abandonment of property. (Doc. 33). The notice included the findings of the Bankruptcy Court and requested the automatic stay be lifted so that Entegra could pursue its remedies under the agreement and note. As a result, the Court lifted the administrative stay. (Doc. 34).

21. On October 26, 2018, Entegra filed a renewed motion for default judgment against Wald Wood and Funding supported by the affidavit of Anderson Ernst. (Doc. 37).

22. On November 13, 2018, Entegra filed an affidavit in support of default against Tom and Karen Wald. (Docs. 42 & 43). The Clerk entered default against the Walds. Entegra then filed a motion for default judgment against Tom and Karen Wald on December 20, 2018 supported by the affidavit of Anderson Ernst. (Doc. 47).

23. On January 9, 2019, the Court issued a show cause order requiring Entegra to address ongoing concerns that prevented the Court from ruling on the pending motions for default judgment. Though Entegra requested an order of delivery for immediate possession, it failed to comply with the statutory requirement that it list the value of the property it sought possession. Additionally, in conducting a basic UCC-1 Financing Statement search on Lexis Nexis, the Court identified another party, Bank of the West, that held an interest in some of the collateral. Because Bank of the West was not named a party to the action, the Court requested additional information as to Bank of the West's possible interest.

24. On January 24, 2019, Entegra responded to the show cause order addressing each of the Court's concerns. Entegra and Bank of the West entered a stipulation regarding Bank of the West's interest. (Doc. 54). Though Bank of the West admitted to possessing a purchase money

security interest in some of Wald Wood's equipment, Bank of the West agreed to allow Entegra to pursue its remedies in this action. The parties agreed that after the Court ruled on Entegra's pending motion, both parties would ensure Bank of the West's interest is satisfied. Entegra also made a good faith effort to identify the value of the property which it seeks immediate possession.

25. Having evaluated the motions for default judgment and the briefs and affidavits in support, the Court finds that Entegra's right to foreclose the mortgages on the real properties and to exercise its rights under the loan agreement and note have become absolute. The Court further finds that an order of delivery entitling Entegra to immediate possession of the personal property described in the loan agreement is appropriate.

26. Any lien on the real properties or personal property claimed by any Defendant, person, or entity is junior and subordinate to the liens and security interest of Entegra Bank arising from the loan agreement and note except as otherwise discussed in this order.

**IT IS HEREBY ORDERED AND DECREED** that:

1. Entegra's motions for default judgment (Docs. 37 & 47) is **GRANTED** as to Wald Wood Products, Inc., Tom Wald, Karen Wald, and Funding Metrics, LLC. Entegra is entitled to a judgment *in rem*, jointly and severally, against each of the subject real properties and the personal property, and *in personam* against Wald Wood Products, Inc., in the amount of $1,339,635.44 in connection with the amount due under the loan, plus pre-judgment interest from February 13, 2018 until the date of the judgment at the rate of 6% per annum, post-judgment interest in the amount of 2.55%, plus reasonable attorneys' fees and costs.

2. Entegra seeks $1,872.36 in costs and $17,574.00 in attorneys' fees, but it provides no support for these figures leaving the Court to speculate whether the figures are in fact reasonable. Entegra is **DIRECTED** to file a motion for court costs and attorneys' fees on or before

March 28, 2019. The motion should include a sufficient basis for the Court to determine whether the requested fees are reasonable and should also include an accounting of any costs actually incurred by Entegra while collecting, securing, or attempting to collect or secure the note or any other loan documents. Upon the Court's determination of the reasonableness and amount of the costs and fees to be awarded, a separate judgment will be entered.

3. Entegra has a first priority lien to secure payment of the judgment in connection with the loan and note upon each of the subject real properties referenced above. The lien is prior and paramount to any right, title, claim, interest, equity or estate of Wald Wood, the Walds, or anyone claiming by, though, or under it, or anyone claiming any title, claim, interest, equity, or estate from and after the date of the notice of *lis pendens* was filed against each subject property.

4. If the awarded sums are not paid within fourteen days of the date the judgment is entered, the respective Circuit Clerk in each of Logan County and Crawford County is appointed as a Commissioner of this Court for the purpose of convening a sale to foreclose the interest of the judgment on the real properties described above, and both are directed to make the sales provided for and report his/her actions to this Court.

5. Each Commissioner is to designate a door or place for the sale of the subject property and advertise the time, terms, and place of sale by publication in a newspaper published and having a general circulation in the county within the State of Arkansas where each subject of real property is located, at least one time at least ten days prior to the date of sale. After such advertisement, each Commissioner is to sell the property at the designated place at public auction to the highest bidder on a credit of three months following the date of sale. The purchaser for each subject property on the date of sale is required to pay the full purchase price or ten percent (10%) of the purchase price, which is non-refundable, and execute a bond with approved surety to assure

the payment of the purchase price plus interest at the rate provided by the loan documents or ten percent (10%) per annum, whichever is greater; however, said rate is to be no more than the Federal Reserve Discount Rate (or other applicable rate) plus five percent (5%) from date of sale until paid, and a lien is to be retained as additional security for the payment of such purchase price plus accrued interest.

6. If Entegra is the purchaser at such sale for an amount not in excess of the judgment awarded in this case, in lieu of giving bond, Entegra may credit the amount of its bid, less costs and fees payable to either the Commissioner or county in which the properties are located, toward its judgment at the time of confirmation of such sale, which credit is to be an extinguishment of the judgment but only to the extent of such credit; and provided further, that if the amount bid by Entegra exceeds the amount of the judgment awarded in this case, bond is required only for the excess. Any successful bidder will be responsible, if required by law, for all revenue transfer stamps for the Commissioner's deed. Should any successful bidder fail to perform under the instructions of a Commissioner at the time of sale, then that bid will be void and set aside. Any such Commissioner thereafter is to award the subject property to the next successive highest bidder, until performance is rendered.

7. If money in excess of the judgment to be awarded is received as a result of a Commissioner's sale, or the aggregate of each of the Commissioners' sales, the excess is to be held in the registry of this Court to be distributed pursuant to further orders of this Court.

8. In the event the judgment awarded is not paid as directed and any of the subject properties are sold by a Commissioner at a foreclosure sale(s), upon application to the Clerk of this Court by the successful foreclosure sale purchaser or purchaser's attorney, showing that possession of any of the subject properties has been withheld from such purchaser, the Clerk will

issue and deliver to the Sheriff of any county in which the subject properties are located, a Writ of Assistance directing such Sheriff to place such purchaser in immediate possession.

9. Under the loan agreement, Defendants Wald Wood, Tom Wald, and Karen Wald waived the statutory or common law right of redemption, homestead, dower, marital share, and all other exemptions which may impair Entegra's efforts to sell the subject real properties. To the extent any of the described exemptions are not waived, upon judicial sale of these properties and confirmation of the sales by the Court, then all rights, title, and interest of all parties in and to said properties, including any rights or possibility of curtesy, dower, homestead, appraisement, and redemption are forever barred and **FORECLOSED**.

10. Entegra must provide the Court with a report confirming the judicial sale of the real properties at issue, as well as an accounting of the final disposition of the proceeds of any sale/foreclosure.

**IT FURTHER ORDERED AND DECREED** that:

1. Entegra has a first priority lien in all Wald Wood's furniture, fixtures, and equipment, including all proceeds, products, or replacements. The lien is prior and paramount to any right, title, claim, interest, equity or estate of Funding Metrics, LLC, Simmons Bank, or anyone claiming by, through, or under it, or anyone claiming any title, claim, interest, equity in the property except Bank of the West. In light of Bank of the West's stipulation with Entegra, Bank of the West's superior interest does not impact the Court's authority to rule in favor of Entegra in this action.

2. Having properly filed an affidavit of replevin in this Court describing the property and its value, Entegra is entitled to immediate possession of the personal property as described herein and in the loan agreement. The Court will separately enter an order for delivery to that

effect.  Because Entegra is the rightful legal owner of the property pursuant to this order, Entegra need not post bond in executing the order for delivery.  Entegra shall serve upon the Sheriff of the County in which the property is located, whether Logan or Crawford, the order for delivery of property.  The Sheriff shall promptly obtain and deliver the property described in the order to Entegra.

3. Entegra must provide the Court with a report confirming the delivery of the property, as well as an accounting of the approximate value of the property it obtained possession.

4. Upon possession of the personal property, in the event Entegra seeks to sell the personal property as satisfaction for the judgment, it shall do so after providing of notice the sale in accordance with Arkansas law.  The sale(s) must be conducted in accordance with the Uniform Commercial Code and in a commercially reasonable manner.  If money in excess of the judgment to be awarded is received as a result of the sale(s) (or the aggregate of this sale and the Commissioners' sales of the real properties), the excess is to be held in the registry of this Court to be distributed pursuant to further orders of this Court.

5. Entegra is to provide the Court with a report confirming the sale of the personal property, detailing the reasonableness of the notice used and the reasonableness of the sale(s), as well as an accounting of the final disposition of the proceeds of any sale.  Once the Court receives this report and the report following the Commissioners' sales, an order of dismissal will be entered.  Until such time, the Court retains jurisdiction to carry out and enforce the above findings.

**IT IS SO ORDERED** this 14th day of March, 2019.

/s/ P. K. Holmes, III
P. K. HOLMES, III
U.S. DISTRICT JUDGE