UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| ENTEGRA BANK | PLAINTIFF |
| v.   CASE NO. 2:18-cv-02071-PKH | |
| WALD WOOD PRODUCTS, INC.; THOMAS C. WALD; KAREN R. WALD; SIMMONS BANK; and FUNDING METRICS, LLC | DEFENDANTS |

BRIEF IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES AND COSTS

I.   Introduction

Plaintiff Entegra Bank ("Plaintiff") filed its complaint against defendants Wald Wood Products, Inc., Thomas C. Wald, Karen R. Wald, Simmons Bank, and Funding Metrics, LLC on April 11, 2018, alleging breach of contract, foreclosure, and replevin. Defendant Simmons Bank timely answered. Defendants Wald Wood Products, Inc., Thomas C. Wald, Karen R. Wald, and Funding Metrics, LLC did not answer or otherwise response to the complaint.

On May 18, 2018, defendants Thomas C. Wald and Karen R. Wald (the "Walds") filed a chapter 13 bankruptcy proceeding in the United States Bankruptcy Court for the Western District of Arkansas, Case No. 2:18-bk-71259. As a result, this case was stayed as against the Walds and the assets of their bankruptcy estate until October 9, 2018, when the United States Bankruptcy Court for the Western District of Arkansas entered an order modifying the automatic stay.

1829953-v1

Plaintiff initially filed a motion for default judgment against only Wald Wood Products, Inc. and Funding Metrics in August 2018 (Dkt. Nos. 28, 29).  However, the motion was denied because Entegra Bank did not demonstrate that the automatic stay in the bankruptcy of the Walds did not extend to Wald Wood Products, Inc. and its assets.

Plaintiff filed a renewed motion for default judgment against Wald Wood Products, Inc. and Funding Metrics, LLC on October 26, 2018 (Dkt. Nos. 35, 36).  Plaintiff filed a motion for default judgment against Thomas C. Wald and Karen R. Wald on December 20, 2018 (Dkt. Nos. 45, 46).  These motions were granted on March 14, 2019, and the Court allowed Plaintiff until March 28, 2019, to provide additional support for its request for an award of attorneys' fees and costs. (Dkt. No. 56).

At the time Plaintiff filed its initial motion for default judgment in August 2018, Plaintiff had incurred reasonable attorneys' fees in the amount of $17,574.00 and costs in the amount of $1,872.36.  Since that time, Plaintiff has incurred additional attorneys' fees and costs.  Plaintiff seeks recovery of the full amount of attorneys' fees and costs incurred in prosecuting this action, which includes attorneys' fees in the amount of $26,369.00 and costs in the amount of $2,156.16.  Plaintiff also anticipates incurring approximately $5,000.00 of additional attorneys' fees in order to comply with the Order entered on March 14, 2019, to have the Order of Delivery served, and to have the collateral seized and sold.  Plaintiff is entitled to

the recovery of the full amount of its attorneys' fees and costs pursuant to North Carolina law, Fed. R. Civ. P. 54, and the terms of Entegra Bank's contracts with defendants Wald Wood Products, Inc., Thomas C. Wald, and Karen R. Wald.

**II.     Argument**

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332. In diversity cases, the availability of attorneys' fees is governed by state law unless a conflicting federal statute or court rule applies. *Weitz Co. v. MH Washington*, 631 F.3d 510, 534 (8th Cir. 2011). The contracts between Plaintiff and defendants Wald Wood Products, Inc., Thomas C. Wald, and Karen R. Wald are governed by North Carolina law. *See* Exhibit 1, Loan Agreement; Exhibit 2, Promissory Note; Exhibit 3, Guaranty Agreements.

A.   <u>Plaintiff is Entitled to an Award of Attorneys' Fees and Costs</u>

North Carolina law permits a creditor to recover attorneys' fees if expressly authorized by statute. *Stillwell Enterprises, Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 289, 266 S.E.2d 812 (N.C. 1980). By statute, North Carolina permits the holder of a promissory note to recover reasonable fees in actions based on the note. N.C. Gen. Stat. § 6-21.2; *W.S. Clark & Sons, Inc. v. Ruiz*, 87 N.C.App. 420, 422, 360 S.E.2d 814, 816 (N.C. Ct. App. 1987). Specifically, North Carolina law provides:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:

3

> ...
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2.

The loan agreement executed by Wald Wood Products, Inc. expressly states that the borrower is liable for any cost or expenses, including reasonable attorneys' fees incurred by the lender in connection with the promissory note or loan agreement. *See* Exhibit 1, Loan Agreement, p. 11. Under North Carolina law, Wald Wood is liable for the attorneys' fees and costs incurred by Plaintiff, which are less than 15% of the outstanding balance under the promissory note, in prosecuting this action related to the loan agreement and promissory note.

Furthermore, Thomas C. Wald and Karen R. Wald, as guarantors, are also liable for the attorneys' fees and costs incurred by Plaintiff in this action. North Carolina law treats the obligation of a guarantor separate and distinct from that of the debtor. *RC Associates v. Regency Ventures, Inc.*, 111 N.C. App. 367, 373, 432 S.E.2d 394, 397 (N.C. Ct. App. 1993). However, when a guaranty contract provides that the guarantor is obligated for all amounts owed under the promissory note, a guarantor is also liable for attorneys' fees incurred by the holder of the note. *Id*. at 373, 432 S.E.2d at 398. As long as the guaranty contract contains language "sufficient to put a guarantor on notice that will be liable for attorney's fees if he fails to make the guaranteed payment before the creditor finds it necessary to

4

employ an attorney to collect a debt," guarantors will be jointly and severally liable for the attorneys' fees and costs incurred by the creditor. *Id*.

The guaranty agreement executed by Thomas C. Wald and Karen R. Wald states that the guarantor unconditionally guarantees payment to lender of all amounts owing under the promissory note. Exhibit 3, Guaranty Agreements. The guaranty further states that "guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs." *Id*. Accordingly, the Walds are jointly and severally liable for Plaintiff's attorneys' fees and costs incurred in this action.

B. <u>The Fees Sought Are Reasonable</u>

When the court determines the amount of an award of attorneys' fees, the attorneys' fees and costs must be supported by evidence that the fees are reasonable and necessary. *Cotton v. Stanley*, 94 N.C. App. 367, 369, 380 S.E.2d 419, 421 (N.C. Ct. App. 1989). The court must make findings of fact that the fees are reasonable with regard to the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney. *Id*. However, section 6-21.2 presumes that 15% is a reasonable amount. *Trull v. Central Carolina Bank & Trust*, 124 N.C. App. 486, 493, 478 S.E.2d 39, 44 (N.C. Ct. App. 1996).

Plaintiff sought damages in the amount of $1,339,635.44 plus pre- and post-judgment interest. Plaintiff prevailed on the entirety of its claims against the defendants and was awarded a judgment in the full amount of damages sought.

The attorneys' fees incurred by Plaintiff are reasonable in light of the nature of the case, the services provided by counsel, the skill and expertise required, and the results obtained.  Counsel for Plaintiff is experienced in bankruptcy and breach-of-contract litigation and the enforcement of creditor's rights, both of which were involved in the successful conclusion of this matter for Plaintiff.  Plaintiff's counsel spent a significant amount of time pursuing Plaintiff's claim to a money judgment on its breach of contract claims.  Exhibit 4, Affidavit of Charles T. Coleman ("Coleman Dec."), at ¶¶ 6-7.  Additionally, counsel spent significant time on legal research and drafting of pleadings and motions with related briefing.  *Id*. at ¶ 7.

The culmination of these efforts was the entry of a money judgment in favor of Plaintiff in the amount of $1,339,635.44 plus pre- and post-judgment interest. Plaintiff seeks an award of $26,369.00 of reasonable attorneys' fees, plus future attorneys' fees in the amount of $5,000.00, and costs in the amount of $2,156.16 in connection with this litigation.  Undersigned counsel was primarily responsible for this matter and billed his time at $350.00 per hour.  *Id*. at ¶¶ 4, 9.  Time for other partners and paralegals working on the file were billed at their standard hourly rates.  *Id*. at ¶ 9.  The fees charged by counsel are consistent with those customarily charged for this type of work and are reasonable given the circumstances of the case.  *Id*. at ¶ 10-11.

The attorneys' fees and costs incurred by Plaintiff were reasonable and necessary in this litigation, and are proportionate to the result achieved.  Likewise,

6

the costs incurred are directly related to the prosecution of Plaintiff's claim and should be awarded in full.

### C. Fed. R. Civ. P. 54(d)(1) Entitles Entegra Bank to Recover its Costs

Fed. R. Civ. P. 54(d)(1) provides that a prevailing party should be allowed to recover its costs incurred in the litigation. Rule 54(d)(1) creates a rebuttable presumption that the prevailing party is entitled to costs. *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). However, the district court does have substantial discretion in making such an award. *Leonard v. Sw. Bell Corp. Disability Income Plan*, 504 F.3d 528, 533 (8th Cir. 2005).

When Plaintiff initially filed its motions for default judgment, it had incurred costs in the amount of $1,872.36. However, Plaintiff has incurred additional costs since the initial filing in August 2018. In total, Plaintiff has incurred costs in the amount of $2,156.16, consisting of the following:

| Category | Amount |
|---|---|
| Postage (including certified mail) | $67.96 |
| Legal research | $59.50 |
| UCC Lien searches | $84.50 |
| Fee for real property lien and foreclosure title report | $950.00 |
| Recording lis pendens in Logan and Crawford counties | $60.00 |
| Process server fee | $150.00 |
| Filing fees in the United States District Court for the Western District of Arkansas and the United States Bankruptcy Court for the Western District of Arkansas | $581 |
| Long distance telephone charges | $14.08 |
| Mileage reimbursements and related expenses | $188.42 |
| PACER fees | $.70 |
| **Total** | **$2,156.16** |

These costs are reasonable in light of the fact that there was litigation in the United States Bankruptcy Court and the United States District Court, and the status of litigation at the time the Court granted Plaintiff's motions for default judgment. As the prevailing party, Plaintiff should be permitted to recover its costs pursuant to Fed. R. Civ. P. 54(d)(1).

### III.   Conclusion

Pursuant to North Carolina law, the binding and unambiguous agreements between Plaintiff, Wald Wood Products, Inc., Thomas C. Wald, and Karen R. Wald, and Fed. R. Civ. P. 54(d)(1), Plaintiff is entitled to an award of its reasonable attorneys' fees in the amount of $26,369.00, plus $5,000.00 in future attorneys' fees, and costs in the amount of $2,156.16 incurred in this litigation. Therefore, Plaintiff requests that its motion for an award of attorneys' fees and costs be granted.

Respectfully Submitted,

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: ccoleman@wlj.com; jmoss@wlj.com

By:  */s/Charles T. Coleman*
   Charles T. Coleman (80030)
   Jaimie G. Moss (2012228)
   *Attorneys for Entegra Bank*

1829953-v1