UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ENTEGRA BANK                                                                            PLAINTIFF

v.                                     No. 2:18-CV-02071

WALD WOOD PRODUCTS, INC.;
THOMAS C. WALD;
KAREN R. WALD;
SIMMONS BANK; and
FUNDING METRICS, LLC                                                                  DEFENDANTS

# ORDER

Before the Court is Plaintiff Entegra Bank's motion (Doc. 60) for attorney's fees and costs, and a brief (Doc. 61) in support of its motion. No response has been filed. Plaintiff's motion seeks $26,369.00 in attorney's fees, $5,000.00 in future attorney's fees, and $2,156.16 in costs. The motion will be granted in part and denied in part.

The Court must first determine whether fees and costs are available to Plaintiff. Whether fees and costs are recoverable is governed by North Carolina law pursuant to the parties' agreement. (Doc. 1-1, p. 11, ¶ 8.4). Under North Carolina law, a party may recover attorney's fees if recovery is expressly provided by statute. *Hicks v. Albertson*, 200 S.E.2d 40, 42 (N.C. 1973). N.C. Gen. Stat. § 6-21.2 provides, in relevant part:

> Obligations to pay attorney's fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
> . . .
> > (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorney's fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

The parties' loan agreement includes an obligation that the borrower (in this case Wald Wood Products, Inc.) pay or reimburse Entegra Bank for any attorney's fees incurred in connection with enforcing its rights under the agreement and promissory note. (Doc. 1-1, p. 11, ¶ 8.5). Though the obligation makes no mention of a specific percentage, the attorney's fees Plaintiff requests amount to less than 15% of the outstanding balance owed on the note. The provision is therefore valid and enforceable against Wald Wood Products, Inc. Additionally, Thomas and Karen Wald both signed an Unconditional Guarantee as guarantors. (Doc. 60-3, p. 1; Doc. 60-3, p. 6). A provision purporting to hold a guarantor liable for attorney's fees is enforceable if the language puts the guarantor on notice that the guarantor will be liable for attorney's fees. *RC Assocs. v. Regency Ventures, Inc.*, 432 S.E.2d 394, 397 (N.C. Ct. App. 1993). The Guarantee makes clear that the Walds promise to pay "all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs." (Doc. 60-3, p. 3, ¶ 9A). Therefore, Wald Wood Products, Inc., Thomas Wald, and Karen Wald, are jointly and severally liable for any attorney's fees incurred in enforcing the parties' agreement.

After the Court determines that attorney's fees are recoverable, it must award only fees that are reasonable. *See Cotton v. Stanley*, 380 S.E.2d 419, 421 (N.C. Ct. App. 1989) (remanding case due to lack of evidentiary support concerning reasonableness of fees). The Court must make factual findings as to "the time and labor expended, the skill required, the customary fee for like work, and the experience or ability of the attorney." *Id.*; *see also WFC Lynnwood I LLC v. Lee of Raleigh, Inc.*, 817 S.E.2d 437, 444 (N.C. Ct. App. 2018) (vacating order of attorney's fees after trial court failed to make factual findings on each factor).

Plaintiff requests $26,369.00 in attorney's fees as well as $5,000 in future fees. Plaintiff's request for $5,000 in future fees is rejected outright. The Court must assess the value of fees for

reasonableness. It is unreasonable for an attorney to collect a fee for work he or she has not done because any such fee is excessive. *See* Rev. R. Prof. Conduct of N.C. State Bar 1.5(a) (prohibiting lawyers from making an agreement for, charging, or collecting a clearly excessive fee).

Regarding Plaintiff's request for $26,369.00 in fees, that amount appears unreasonable. This case involved legal issues of creditor's rights and bankruptcy law. Plaintiff was represented by experienced attorneys knowledgeable in these areas. The attorneys charge an hourly rate that is reasonable for attorneys with this experience and skill practicing law in this area. Plaintiff sought damages of $1,339,635.44 and was awarded a judgment of that amount. Each of these factors support the reasonableness of the fees requested. However, Plaintiff's counsel requested fees for 85.8 hours of billable work. This figure includes hours spent working exclusively on the bankruptcy case. Though some overlap is inevitable based on legal issues arising in this case, the Court will not grant fees for work done outside of this litigation.

The Court has reviewed the fees submitted by Plaintiff's counsel and reduced the figure by an amount equal to the fees earned for matters exclusive to the bankruptcy case. The Court will therefore award attorney's fees in the amount of $21,504.00. This figure is reasonable in light of the time and labor expended, the skill required, the customary fee for like work, and the experience and ability of the attorneys. In addition, the parties' agreement provides for the payment of costs and expenses incurred in connection with enforcement of the note, (Doc. 1-1, p. 11, ¶ 8.5), so the Court will award costs in the amount of $2,156.16.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 60) for attorney's fees is GRANTED in part and the Court will award $21,504.00 in attorney's fees and $2,156.16 in costs. Judgment will be entered separately.

IT IS SO ORDERED this 10th day of April, 2019.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE